# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WALTER KERRY ROBERTSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1792 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon the motion of Walter Robertson to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because movant does not have permission to file a successive § 2255 in this Court, movant's application will be denied without prejudice, and the action will be transferred to the Eighth Circuit Court of Appeals.

On August 19, 2003, a jury convicted Walter Kerry Robertson on one count of possession with intent to distribute over five grams of cocaine base (crack) in violation of 21 U.S.C. § 841 (a)(1); one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 924(c); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This Court sentenced Robertson to 120 months imprisonment (with an additional 60 months to run consecutively) to be followed by eight years supervised

release.  See U.S. v. Robertson, No. 4:03CR238 ERW.  The Court of Appeals affirmed the decision of the District Court.  U.S. v. Robertson, 387 F.3d 702 (8th Cir. 2004).

The Court's records show that movant previously brought a motion for relief under 28 U.S.C. § 2255, which this Court denied on the merits on January 30, 2007.  See Robertson v. United States, No. 4:05CV1920 SNL.  Movant appealed from the judgment, but he was denied an application for certificate of appealability by the Eighth Circuit Court of Appeals.  See Robertson v. United States, No. 07-1976 (8th Cir. 2007).[1]

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information.  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

---

[1] On March 12, 2008, movant motioned the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Because defendant was sentenced to the statutory, mandatory minimum, his motion was denied.  Movant appealed the denial of the motion to the Eighth Circuit Court of Appeals, who affirmed the District Court's Order on July 9, 2010.

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant § 2255 motion in this Court, the Court lacks authority to grant movant the relief he seeks.[2] Rather than dismiss this action, the Court will deny movant relief, without prejudice, and transfer the motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631. See In re Sims, 111 F.3d 45, 47 (6th Cir. 1997); Coleman v. United States, 106 F.3d 339 (10th Cir. 1997); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the Court of Appeals to bring the motion in this Court. See 28 U.S.C. § 2255.

---

[2]Because movant's application to the District Court references a request for leave to file a successive motion in the Eighth Circuit Court of Appeals, the Court assumes movant was attempting to comply with 28 U.S.C. § 2255 but instead, filed his application in the wrong court. Accordingly, the Court will transfer the instant case to the Eighth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

So Ordered this 4th day of October, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE